| | | |
|---|---|---|
| **EAGLE COUNTY DISTRICT COURT,** <br> **EAGLE COUNTY, COLORADO** <br><br> Court Address:   885 Chambers Avenue <br> Eagle, CO 81631 <br> (970) 328-6373 | | **DATE FILED** <br> April 1, 2025 11:51 AM <br> FILING ID: 5ED1E604870A2 <br> CASE NUMBER: 2025CV30082 |
| **Plaintiff(s):**   **KARI HAUSER, individually and as parent and next friend to JEFFREY McFARLAND, a minor.** <br><br> v. <br><br> **Defendant(s):**   **JAVELLE McCLAIN,** <br><br> **RYDER SYSTEM, INC.,** <br><br> **RYDER TRUCK RENTAL, INC.,** and <br><br> **RYDER TRANSPORTATION SOLUTIONS, INC.** | | **COURT USE ONLY** |
| **Attorney for Plaintiff:** <br> Corey A. Holton, Atty. Reg. No. 47440 <br> BACHUS & SCHANKER, LLC <br> 1801 California Street, Suite 4800 <br> Denver, Colorado 80202 <br> Phone:   303-893-9800 <br> Fax:       303-893-9900 <br> E-Mail:  corey.holton@coloradolaw.net | | Case Number: <br><br><br> Div.: |
| **CIVIL COMPLAINT AND JURY DEMAND** | | |

Plaintiffs submit their Civil Complaint and Jury Demand against Defendants (1) Javelle McClain, (2) Ryder System, Inc, (3) Ryder Truck Rental, Inc. and (4) Ryder Transportation Solutions, Inc. as follows,



EXHIBIT B

## GENERAL ALLEGATIONS

1. This matter arises from a motor vehicle collision between Plaintiffs and Defendant Javelle McClain that occurred on February 28, 2023 on eastbound Interstate 70 at or near mile marker 177 in Vail, Eagle County, Colorado (hereinafter "the Collision").

2. At all times relevant, Plaintiffs were residents of Garfield County, Colorado.

3. At all times relevant, Plaintiff Kari Hauser ("Hauser") is the mother, parent, and next friend of Plaintiff Jeffrey McFarland ("McFarland"), a minor.

4. At the time of the Collision, upon information and belief, Defendant Javelle McClain ("McClain") was a resident of the State of Florida with a last known street address of 6700 NW 27th Ave, Miami, Florida 33147.

5. At all times relevant, upon information and belief, Defendant Ryder System, Inc. ("Ryder System") was and is a Florida corporation with a principal office street address of 2333 Ponce de Leon Boulevard, Suite 700, Coral Gables, Florida 33134.

6. Defendant Ryder System can be served with process in the State of Florida through their registered agent, Corporate Creations Network Inc. whose address is 801 North US Highway 1, North Palm Beach, Florida 33408.

7. At all times relevant, upon information and belief, Defendant Ryder Truck Rental, Inc. ("Ryder Rental") was and is a Florida corporation with a principal office street address of 2333 Ponce de Leon Boulevard, Suite 700, Coral Gables, Florida 33134.

8. Defendant Ryder Rental can be served with process in the State of Colorado through their registered agent, Corporate Creations Network Inc. whose address is 155 E. Boardwalk #490, Fort Collins, Colorado 80525.

9. At all times relevant, upon information and belief, Defendant Ryder Transportation Solutions, LLC ("Ryder Transportation") was and is a Delaware limited liability company with a principal office street address of 2333 Ponce de Leon Boulevard, Suite 700, Coral Gables, Florida 33134.

10. Defendant Ryder Transportation can be served with process in the State of Colorado through their registered agent, Corporate Creations Network Inc. whose address is 155 E. Boardwalk #490, Fort Collins, Colorado 80525.

11. At the time of the Collision, upon information and belief, Defendant McClain was an agent and/or employee of Defendant Ryder Rental, driving within the course and scope of their agency and/or employment with Defendant Ryder Rental.

12. At the time of the Collision, upon information and belief, Defendant McClain was an agent and/or employee of Defendant Ryder System, driving within the course and scope of their agency and/or employment with Defendant Ryder System.

13. At the time of the Collision, upon information and belief, Defendant McClain was an agent and/or employee of Defendant Ryder Transportation, driving within the course and scope of their agency and/or employment with Defendant Ryder Transportation.

14. Venue in this county is proper pursuant to C.R.C.P. 98(c) since the tortious conduct which the claims of Plaintiff are based upon was committed Eagle County, Colorado.

## FACTUAL ALLEGATIONS

15. At the time of the Collision, Defendant McClain was driving a Freightliner Tractor Trailer, with an Indiana license plate number of 3229698 (hereinafter "the Semi Truck").

16. The Semi Truck was owned by Defendant Ryder Rental.

17. At the time of the Collision, upon information and belief, Defendant McClain was driving Semi Truck with the express or implied permission of Defendant Ryder Rental.

18. At the time of the Collision, upon information and belief, Defendant McClain was an employee of Defendant Ryder Rental.

19. At the time of the Collision, upon information and belief, Defendant

3

McClain was an agent of Defendant Ryder Rental.

20. At the time of the Collision, upon information and belief, Defendant McClain was driving the Semi Truck within the course and scope of his employment with Defendant Ryder Rental.

21. At the time of the Collision, upon information and belief, Defendant McClain was driving the Semi Truck within the course and scope of his agency with Defendant Ryder Rental.

22. At the time of the Collision, upon information and belief, Defendant McClain was an employee of Defendant Ryder System.

23. At the time of the Collision, upon information and belief, Defendant McClain was an agent of Defendant Ryder System.

24. At the time of the Collision, upon information and belief, Defendant McClain was driving the Semi Truck within the course and scope of his employment with Defendant Ryder System.

25. At the time of the Collision, upon information and belief, Defendant McClain was driving the Semi Truck within the course and scope of his agency with Defendant Ryder System.

26. At the time of the Collision, upon information and belief, Defendant McClain was an employee of Defendant Ryder Transportation.

27. At the time of the Collision, upon information and belief, Defendant McClain was an agent of Defendant Ryder Transportation.

28. At the time of the Collision, upon information and belief, Defendant McClain was driving the Semi Truck within the course and scope of his employment with Defendant Ryder Transportation.

29. At the time of the Collision, upon information and belief, Defendant McClain was driving the Semi Truck within the course and scope of his agency with Defendant Ryder Transportation.

4

30. At the time of the Collision, upon information and belief, Defendant McClain had a class A commercial driver's license issued by the State of Florida.

31. At the time of the Collision, upon information and belief, the Semi Truck was a "Commercial Motor Vehicle" as defined by 49 C.F.R. § 390.5.

32. At the time of the Collision, Plaintiff Hauser was driving a 2014 Ford Escape SUV ("Ford").

33. At the time of the Collision, Plaintiff McFarland was a passenger in the Ford.

34. Immediately prior to the Collision, Plaintiffs were stopped in traffic in the number-two lane of eastbound Interstate 70 at or near mile marker 177.

35. Immediately prior to the Collision, Defendant McClain was driving the Semi Truck eastbound on Interstate 70 behind Plaintiff.

36. The Collision occurred, when Defendant McClain failed to stop or slow, and caused the Semi Truck to collide with the rear of Plaintiffs' Ford.

37. The Vail Police investigated the Collision.

38. The Vail Police determined that Defendant McClain was at-fault for the Collision.

39. At the time of the Collision, Defendant McClain operated a motor vehicle in a negligent manner, careless, and reckless manner.

40. Defendant McClain's negligent, careless, and reckless operation of a motor vehicle caused the Collision.

41. As a direct and proximate result of the Collision, Plaintiffs sustained injuries, damages, and/or losses.

42. Plaintiffs have incurred a medical charge of at least one dollar for any

medical treatment for any injury, no matter how small, as a result of the Collision.

## FIRST CLAIM FOR RELIEF
### Negligence – Defendant McClain

43. The foregoing statements and allegations are incorporated herein.

44. At the time of the Collision, Defendant McClain owed Plaintiffs a duty to use reasonable care in the operation of a motor vehicle.

45. At the time of the Collision, Defendant McClain breached the duty of care to Plaintiffs, without limitation, by:

    a. failing to keep a proper lookout;
    b. being distracted;
    c. driving too fast for the conditions;
    d. failing to leave adequate stopping distance;
    e. operating a motor vehicle in a negligent manner;
    f. operating a motor vehicle in a careless manner;
    g. operating a motor vehicle in a reckless manner; and
    h. causing a motor vehicle collision with Plaintiffs.

46. The Collision was a cause of the injuries sustained by Plaintiffs.

47. The Collision occurred as a direct and proximate result of Defendant McClain's negligence in the operation of a motor vehicle.

48. As a direct and proximate result of the Collision, Plaintiffs sustained damages, including past and future: economic losses, including medical bills, lost wages, loss of ability to earn money, and other expenses; noneconomic losses, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life; physical impairment and disfigurement.

## SECOND CLAIM FOR RELIEF
### Negligence *Per Se* – Defendant McClain

49. The foregoing statements and allegations are incorporated herein.

50. At the time of the Collision, Defendant McClain drove a motor vehicle without due regard for traffic, traffic signals, use of the streets, traffic laws and other attendant circumstances or in violation of a state or municipal traffic code, which constituted negligence *per se*.

51. At the time of the Collision, C.R.S. § 42-4-1402 Careless Driving ("the Statute") was in effect in the State of Colorado.

52. A violation of the Statute constitutes negligence on the part of the Defendant McClain.

53. The purpose of the Statute is to protect against the type of injuries the Plaintiffs suffered as a result of the Collision.

54. Plaintiffs are members of the group of people the Statute was intended to protect.

55. Defendant McClain's violation of the Statute was a cause of Plaintiffs' injuries, damages or losses.

56. As a direct and proximate result of Defendant McClain's negligence *per se*, Plaintiffs sustained damages, including past and future: economic losses, including medical bills, lost wages, loss of ability to earn money, and other expenses; noneconomic losses, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life; physical impairment and disfigurement.

### THIRD CLAIM FOR RELIEF
*Respondeat Superior* – **Defendant Ryder Rentals**

57. The foregoing statements and allegations are incorporated herein.

58. At the time of the Collision, Defendant McClain was the agent of Defendant Ryder Rental.

59. At the time of the Collision, Defendant McClain was the employee of Defendant Ryder Rental.

60. At the time of the Collision, Defendant McClain was acting within the scope of Defendant McClain's employment and authority with Defendant Ryder Rental.

61. At the time of the collision, Defendant McClain was performing acts which were in furtherance of the business interests of Defendant Ryder Rental, in the regular course of business for Defendant Ryder Rental, and connected to Defendant McClain's work with Defendant Ryder Rental.

62. As a direct and proximate result of the act or omissions of Defendant Ryder Rental's agents or employees, Plaintiffs sustained damages, including past and future: economic losses, including medical bills, lost wages, loss of ability to earn money, and other expenses; noneconomic losses, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life; physical impairment and disfigurement.

## FOURTH CLAIM FOR RELIEF
### Negligent Hiring, Training, and Supervision – Defendant Ryder Rental

63. The foregoing statements and allegations are incorporated herein.

64. At the time of the Collision, Defendant McClain was the agent of Defendant Ryder Rental.

65. At the time of the Collision, Defendant McClain was the employee of Defendant Ryder Rental.

66. At the time of the Collision, Defendant McClain was acting within the scope of Defendant McClain's employment and authority with Defendant Ryder Rental.

67. At all times relevant, Defendant Ryder Rental owed Plaintiffs a duty to exercise reasonable care in the hiring, supervision, and training of its agents and employees, including Defendant McClain.

68. At the time of the Collision, upon information and belief, Defendant Ryder Rental breached its duty of care to Plaintiffs, without limitation, by:

8

  a. Failing to exercise reasonable care in the hiring of its agents and/or employees, including Defendant McClain.
  b. Failing to adequately investigate Defendant McClain' driving history and background;
  c. Failing to exercise reasonable care in the supervision of its agents and/or employees, including Defendant McClain;
  d. Failing to exercise reasonable care in the training of its agents and/or employees, including Defendant McClain;

69. As a direct and proximate result of Defendant Ryder Rental's breaches of the aforementioned duties, as well as its actions, policies, and instructions (or lack thereof), Plaintiffs sustained damages, including past and future: economic losses, including medical bills, lost wages, loss of ability to earn money, and other expenses; noneconomic losses, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life; physical impairment and disfigurement.

## FIFTH CLAIM FOR RELIEF
### *Respondeat Superior* – Defendant Ryder System

70. The foregoing statements and allegations are incorporated herein.

71. At the time of the Collision, Defendant McClain was the agent of Defendant Ryder System.

72. At the time of the Collision, Defendant McClain was the employee of Defendant Ryder System.

73. At the time of the Collision, Defendant McClain was acting within the scope of Defendant McClain's employment and authority with Defendant Ryder System.

74. At the time of the collision, Defendant McClain was performing acts which were in furtherance of the business interests of Defendant Ryder System, in the regular course of business for Defendant Ryder System, and connected to Defendant McClain's work with Defendant Ryder System.

75. As a direct and proximate result of the act or omissions of Defendant Ryder System's agents or employees, Plaintiffs sustained damages, including past and future:

economic losses, including medical bills, lost wages, loss of ability to earn money, and other expenses; noneconomic losses, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life; physical impairment and disfigurement.

## SIXTH CLAIM FOR RELIEF
**Negligent Hiring, Training, and Supervision – Defendant Ryder System**

76. The foregoing statements and allegations are incorporated herein.

77. At the time of the Collision, Defendant McClain was the agent of Defendant Ryder System.

78. At the time of the Collision, Defendant McClain was the employee of Defendant Ryder System.

79. At the time of the Collision, Defendant McClain was acting within the scope of Defendant McClain's employment and authority with Defendant Ryder System.

80. At all times relevant, Defendant Ryder System owed Plaintiffs a duty to exercise reasonable care in the hiring, supervision, and training of its agents and employees, including Defendant McClain.

81. At the time of the Collision, upon information and belief, Defendant Ryder System breached its duty of care to Plaintiffs, without limitation, by:

   e. Failing to exercise reasonable care in the hiring of its agents and/or employees, including Defendant McClain.
   f. Failing to adequately investigate Defendant McClain' driving history and background;
   g. Failing to exercise reasonable care in the supervision of its agents and/or employees, including Defendant McClain;
   h. Failing to exercise reasonable care in the training of its agents and/or employees, including Defendant McClain;

82. As a direct and proximate result of Defendant Ryder System's breaches of the aforementioned duties, as well as its actions, policies, and instructions (or lack thereof),

10

Plaintiffs sustained damages, including past and future: economic losses, including medical bills, lost wages, loss of ability to earn money, and other expenses; noneconomic losses, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life; physical impairment and disfigurement.

## SEVENTH CLAIM FOR RELIEF
*Respondeat Superior* – **Defendant Ryder Transportation**

83. The foregoing statements and allegations are incorporated herein.

84. At the time of the Collision, Defendant McClain was the agent of Defendant Ryder Transportation.

85. At the time of the Collision, Defendant McClain was the employee of Defendant Ryder Transportation.

86. At the time of the Collision, Defendant McClain was acting within the scope of Defendant McClain's employment and authority with Defendant Ryder Transportation.

87. At the time of the collision, Defendant McClain was performing acts which were in furtherance of the business interests of Defendant Ryder Transportation, in the regular course of business for Defendant Ryder Transportation, and connected to Defendant McClain's work with Defendant Ryder Transportation.

88. As a direct and proximate result of the act or omissions of Defendant Ryder Transportation's agents or employees, Plaintiffs sustained damages, including past and future: economic losses, including medical bills, lost wages, loss of ability to earn money, and other expenses; noneconomic losses, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life; physical impairment and disfigurement.

## EIGHTH CLAIM FOR RELIEF
**Negligent Hiring, Training, and Supervision – Defendant Ryder Transportation**

89. The foregoing statements and allegations are incorporated herein.

90. At the time of the Collision, Defendant McClain was the agent of Defendant Ryder Transportation.

91. At the time of the Collision, Defendant McClain was the employee of Defendant Ryder Transportation.

92. At the time of the Collision, Defendant McClain was acting within the scope of Defendant McClain's employment and authority with Defendant Ryder Transportation.

93. At all times relevant, Defendant Ryder Transportation owed Plaintiffs a duty to exercise reasonable care in the hiring, supervision, and training of its agents and employees, including Defendant McClain.

94. At the time of the Collision, upon information and belief, Defendant Ryder Transportation breached its duty of care to Plaintiffs, without limitation, by:

> i. Failing to exercise reasonable care in the hiring of its agents and/or employees, including Defendant McClain.
> j. Failing to adequately investigate Defendant McClain' driving history and background;
> k. Failing to exercise reasonable care in the supervision of its agents and/or employees, including Defendant McClain;
> l. Failing to exercise reasonable care in the training of its agents and/or employees, including Defendant McClain;

95. As a direct and proximate result of Defendant Ryder Transportation's breaches of the aforementioned duties, as well as its actions, policies, and instructions (or lack thereof), Plaintiffs sustained damages, including past and future: economic losses, including medical bills, lost wages, loss of ability to earn money, and other expenses; noneconomic losses, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life; physical impairment and disfigurement.

**WHEREFORE,** Plaintiffs request judgment against Defendants in an amount to be determined at trial for damages, including past and future: economic losses, including medical bills, lost wages, loss of ability to earn money, and other expenses; noneconomic

losses, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life; physical impairment and disfigurement; attorney's fees; interest on all damages at the highest rate allowed by law computed from the date of the injury; costs and expenses; and any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial to a jury of six (6) on all triable issues.

Dated: April 1, 2025

                                              BACHUS & SCHANKER, LLC

                                              */s/ Corey A. Holton*
                                              _____
                                              Corey A. Holton, #47440
                                              *Attorneys for Plaintiff*

<u>Plaintiffs' Address</u>
5033 County Road 335, #239
New Castle, CO 81647